# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK DUPREE EDWARDS, | : |
| Petitioner, | : |
| v. | : No. 4:18-CV-503 |
| COMMONWEALTH OF PENNSYLVANIA, | : (Judge Brann) |
| Respondent. | : |

## MEMORANDUM OPINION

### APRIL 3, 2018

## I.   BACKGROUND

Malik Dupree Edwards , an inmate presently confined at the Monroe County Correctional Facility, Stroudsburg Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The required filing fee has been paid.

Named as sole Respondent is the Commonwealth of Pennsylvania.  The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official.  *See*  28 U.S.C. § 2242.  Accordingly, the Warden of the Monroe County Correctional Facility will be deemed the Respondent in this matter.

Petitioner describes himself as being a pre-trial detainee. Edwards elaborates that he was arrested on state criminal charges and his criminal prosecution is ongoing in the Court of Common Pleas of Monroe County. *See* Doc. 1, ¶ 4. According to his pending petition, Edwards has been incarcerated since July 12, 2017 and is unable to post bail. Petitioner indicates that proceedings (perhaps an arraignment and preliminary hearing) were previously conducted in his criminal case on July 26, 2017 and August 26, 2017.

Edwards alleges there was no probable cause for his arrest and he is the subject of fabricated charges. The Petitioner admits that he is presently represented by counsel and was granted a new preliminary hearing which was conducted on January 18, 2018. *See* Doc. 2-1, p. 3.

The petition further maintains that Edwards filed a bail modification motion as well as a motion asserting that the Commonwealth had violated his right to a speedy trial under Pennsylvania Rule of Criminal Procedure 600. Rule 600 provides for the dismissal of charges if a Pennsylvania state criminal defendant is not brought to trial within 365 days of the filing of the complaint. However, the period is less for pre-trial detainees such as Edwards. Both motions are presently pending before the state trial court. It is also asserted that an evidentiary hearing has been scheduled in his case for April 2, 2018.

Edwards claims entitlement to federal habeas corpus relief because the Commonwealth has violated his Sixth Amendment right to a speedy trial. As relief, Edwards seeks his immediate release due to the alleged violation of his constitutional rights.

## II. DISCUSSION

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* Civil No. 3:cv-07-472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt*, Civil No. 4:cv-05-956, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.) (quoting *Allen v.*

*Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Based upon Edwards' admission that he has not yet been convicted or even tried on the state criminal charges underlying this action, he is clearly a pre-trial detainee. His pending petition challenges the validity of his ongoing state criminal prosecution.

Although "federal habeas corpus is substantially a post-conviction remedy," this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus. *See Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Id* at 443; *see also Kennedy v. Commonwealth of Pennsylvania*, Civil No. 17-980, 2017 WL 3396400 *2 (E.D. Pa. June 30, 2017).

In *Younger v. Harris*, 401 U.S. 37 (1981), the United States Supreme Court similarly observed that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.,* 973 F.2d 169, 173 (3d Cir. 1992); *see also, Duran v. Thomas,* 393 Fed. Appx. 3, 4 (3d. Cir. 2010)(pre-trial habeas jurisdiction must be exercised sparingly in order to prevent interference in the state criminal process). The test for federal court abstention under *Younger* is whether "(1) there are

ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id.*

It is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. *See Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965); *Coruzzi v. State of N.J.*, 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." *Green v. Commonwealth of Pennsylvania*, No. CIV. A. 93-1662, 1993 WL 239311, at *3 (E.D. Pa. June 28, 1993).

The United States Court of Appeals for the Third Circuit in *Moore v. DeYoung* addressed a denial of speedy trial claim. It concluded that extraordinary circumstances did not exist to permit adjudication of the claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." *Moore*, 515 F.2d at 449. *Kennedy v. Commonwealth* concerned an unexhausted claim with respect to an unsigned and unsealed arrest/search warrant

and determined that extraordinary circumstances had not been established and there was no basis to excuse exhaustion.

Similarly, there are no assertions in Edwards' pending petition which suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding. Furthermore, Petitioner acknowledges that an evidentiary hearing in his case is scheduled for April 2, 2018 and there is no indication that Edwards has presented his pending argument before the Pennsylvania state appellate courts. Petitioner also offers no indication that he will suffer irreparable harm with respect to his pending state criminal prosecution or that he is facing the type of extraordinary circumstances contemplated under *Moore, Duran,* and *Younger* which would warrant immediate intervention by this Court.

Petitioner's pending allegations are arguably a matter of concern. Edwards' claims do not, however, warrant a finding of extraordinary circumstances under the standards developed in *Moore* and *Younger*. This conclusion is bolstered by Petitioner's assertion that he has filed a speedy trial motion with the state trial court and that a hearing is scheduled for April 2, 2018. Under these circumstances, intervention by this Court is not warranted at this juncture.

Abstention is required in this case out of deference to the integrity of the state judicial process. Consequently, the petition for a writ of habeas corpus will be dismissed without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge