# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK EDWARDS,** | : | Civil No. 4:18-CV-503 |
| | : | |
| Petitioner | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| | : | |
| Respondent: | | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This case, which comes before us on the petitioner's motion for reconsideration, (Doc. 7), is a federal habeas corpus petition brought by a state prisoner. Malik Edwards initially filed this petition for writ of habeas corpus in March of 2018. (Doc. 1.) At that time Edwards was held in the Monroe County Correctional Facility awaiting trial on state prostitution and sex trafficking charges. (Id.) Noting that Edwards' state case was still pending, and finding that Edwards had not demonstrated an entitlement to habeas corpus relief in what was then a pending state case, on April 3, 2018, the district court entered an opinion and order dismissing Edwards' petition without prejudice. (Docs. 4 and 5.)

1

On April 24, 2018, Edwards filed a motion seeking reconsideration of this decision. (Doc. 7.) At the time that he filed this *pro se* motion to reconsider, Edwards' state case was still pending, but a review of the state court docket reveals that, within days of filing this motion in federal court, Edwards came to a guilty plea resolution of his state case on April 27, 2018. Commonwealth v. Edwards, CP-45-CR-0001915-2017. Under the terms of this guilty plea, it appears that Edwards was sentenced to 144-to-288 days incarceration, a period of confinement that appears to have been essentially his time-served in state custody on these charges. Id. There is no indication that Edwards ever appealed, or otherwise sought post-conviction review of this guilty plea and time-served sentence.

It is against this procedural backdrop that Edwards' motion for reconsideration now comes before us. (Doc. 7.) Notably missing from Edwards' motion was any well-pleaded facts or argument showing: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, the benchmark standards for a motion to reconsider.

Accordingly, for the reasons set forth below it is recommended that this motion to reconsider be denied.

## III. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a

ruling. Dodge, 796 F. Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these legal benchmarks, Edwards' motion to reconsider fails. It is evident that nothing in these pleadings suggests (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Quite the contrary, in this motion Edwards simply attempts to re-litigate and reargue issues which have already been considered and disposed of by the court, a course which is not an appropriate basis for a motion to reconsider. Dodge, 796 F.Supp. at 830.

Beyond these legal flaws, Edwards' motion to reconsider fails because it ignores the legal standards which govern habeas corpus petitions like those presented here by the petitioner. A state prisoner must meet exacting substantive standards to obtain habeas corpus relief. As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 sharply limits the power of a federal court to grant a state prisoner's petition for a writ of habeas corpus. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). A federal court may not grant habeas relief with respect to any claim that has been adjudicated on the merits unless the adjudication in a state proceeding (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d). This standard is highly deferential and difficult to meet. Cullen, 563 U.S. at 181. It "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. 86, 102-03 (2011).

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies

available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

    In this case, the district court correctly concluded under the prevailing legal standards governing habeas corpus petitions that Edwards was not entitled to use a petition for writ of habeas corpus to challenge what was his pending state prosecution in April of 2018. In his motion to reconsider Edwards points to no new evidence, no change in the controlling law, and identifies no grounds to believe that there is a need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, it appears that events in Edwards' state criminal case; namely, the petitioner's time-served guilty plea ion April 27, 2018, have rendered this federal habeas corpus proceeding moot. It is a basic principle of constitutional law that federal courts do not have jurisdiction to decide an issue unless it presents a

live case or controversy. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). In order to meet this standard, and "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Burkey, 556 F.3d at 147 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477-78). Accordingly, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

There is a necessary corollary to the mootness doctrine that applies in cases such as the instant case, where it appears that a petitioner has long since completed service of any sentence which he challenged in a petition for writ of habeas corpus. In this setting: "After a petitioner's release from custody, we consider his habeas case moot unless he 'can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand.' DeFoy, 393 F.3d at 441–42, 442 n. 3." Leyva

v. Williams, 504 F.3d 357, 363 (3d Cir. 2007). See e.g., Kozak v. Commonwealth of PA, No. 3:14-CV-984, 2017 WL 4413193, at *3 (M.D. Pa. Sept. 29, 2017)(dismissing petition); Nalls v. Superintendent Sci-Dallas, No. 1:16-CV-0098, 2016 WL 6995517, at *1 (M.D. Pa. Nov. 30, 2016)(same).

In sum, given that Edwards' motion to reconsider is both meritless and moot, this motion should be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the petitioner's motion to reconsider (Doc. 7) should be denied.

The petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of January 2019.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge